# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 9010 | **DATE** | 6/24/2003 |
| **CASE TITLE** | JOHNNY L. BOUNDS vs. WELLS FARGO BANK MINNESOTA | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendants', William A. McAlister, Jonathan D. Nusgart, and John A. Rizzuto's, motion to dismiss is granted. The complaint is dismissed with prejudice for lack of subject matter jurisdiction.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUN 2 5 2003 | |
| ✓ | Docketing to mail notices. | | date docketed | 7 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | | mailing deputy initials | |

Date/time received in central Clerk's Office

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHNNY L. BOUNDS,                        )
                                         )
            Plaintiff,                   )
                                         )
v.                                       )        Case No. 02 C 9010
                                         )
                                         )        Honorable John W. Darrah
WELLS FARGO BANK MINNESOTA,              )
f/k/a NORWEST BANK MINNESOTA;            )
OPTION ONE MORTGAGE CORP.;               )
WILLIAM A. MCALISTER;                    )
JONATHAN D. NUSGART;                     )
JOHN A. RIZZARTO;                        )
JUDGE THOMAS P. DURKIN;                  )
JUDGE THOMAS P. QUINN;                   )
JUDGE PATRICK E. MCGANN;                 )
THE JUDICIAL SALES CORP.; and            )
ALL OTHER PARTICIPATING                  )
PARTIES,                                 )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Johnny L. Bounds ("Plaintiff"), filed a single-count *pro se* complaint against

Defendants, Wells Fargo Bank Minnesota, Option One Mortgage Corporation,

William A. McAlister, Jonathan D. Nusgart, John A Rizzuto[1], Judges Thomas P. Durkin, Thomas

P. Quinn, Patrick E. McGann, the Judicial Sales Corporation, and several unknown defendants.

Defendants, William A. McAlister ("McAlister"), Jonathan D. Nusgart ("Nusgart"), and John A.

Rizzuto ("Rizzuto"), move, pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), to dismiss.

For the reasons that follow, McAlister, Nusgart, and Rizzuto's Motion to Dismiss is granted.

---

[1]Although the caption of the case names "John A Rizzarto" as a defendant, responsive
pleadings have been filed by Defendant John A *Rizzuto*. Therefore, the Court will refer to him as
John A. Rizzuto in the body of this Memorandum Opinion and Order.

## LEGAL STANDARD

When considering a motion to dismiss, well-pleaded allegations in the complaint are accepted as true. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319 (7th Cir. 1997). Any ambiguities in the complaint are construed in favor of the plaintiff. *Kelly v. Crosfield Catalysts*, 135 F.3d 1202, 1205 (7th Cir. 1998). Dismissal is proper only when it appears beyond doubt that Plaintiff can prove no set of facts to support the allegations in his or her claim. *Strasburger v. Board of Education*, 143 F.3d 351, 359 (7th Cir. 1998).

"Although the Federal Rules of Civil Procedure do not require a plaintiff 'to set out in detail the facts upon which he bases his claim,'. . . he must 'set out sufficient factual matter to outline the elements of his cause of action or claim, proof of which is essential to his recovery.'" *Benson v. Cady*, 761 F.2d 335, 338 (7th Cir. 1985) (internal citation omitted). A complaint will not avoid dismissal if it contains "bare legal conclusions" absent facts outlining the basis of the claims. *Perkins v. Silverstein*, 939 F.2d 463, 467 (7th Cir. 1991).

The court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). The district court must review the complaint liberally, taking as true all well-pleaded allegations and the inferences that may be drawn from them. *See Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999).

## BACKGROUND

For purposes of this Motion to Dismiss, the following allegations are taken as true.

On December 22, 2000, the law firm of Codilis and Associates, P.C. ("the firm") filed a

Complaint to Foreclose Mortgage on behalf of Wells Fargo Bank Minnesota against Plaintiff in the

Circuit Court of Cook County, Chancery Division. The Complaint to Foreclose Mortgage[2] alleged

that Plaintiff had not made monthly payments pursuant to a mortgage agreement entered into with

Option One Mortgage Corporation, a predecessor in interest. According to Plaintiff's complaint,

McAlister and Nusgart, two attorneys with the firm who signed the complaint, knew that the

allegations in the complaint were false.

On March 6, 2001, Judge Thomas P. Durkin entered an Order of Default and a Judgment of

Foreclosure and Sale. On June 10, 2002, the subject property was sold at auction. On

August 26, 2002, Plaintiff moved to vacate the default judgment, arguing fraud and lack of subject

matter jurisdiction. Judge Thomas P. Quinn ("Judge Quinn"), the presiding judge, granted the firm

leave to answer the motion and Plaintiff leave to reply. On October 9, 2002, Judge Quinn denied

Plaintiff's motion with prejudice.

On October 31, 2002, Judge Quinn entered an order approving the sale of the subject

property. On November 8, 2002, Judge Patrick E. McGann entered an order directing the Cook

County Sheriff to evict Plaintiff.

On December 12, 2002, Plaintiff filed a single-count complaint against Defendants (three

state court judges, a law firm, two lenders, a judicial sales corporation, and several individuals),

alleging Defendants acted in concert to defraud him of his property in violation of the Racketeering

---

[2]Many of the documents referred to in the complaint are not attached as exhibits. However, they are attached to Defendants' motion to dismiss. Documents attached to a motion to dismiss will be considered part of the pleadings if they are referred to in the complaint and are central to its claims. *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002). The complaint expressly refers to these documents; and, therefore, they will be considered part of the pleadings.

Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962 (2003).

## DISCUSSION

McAlister, Nusgart, and Rizzuto argue that the complaint should be dismissed because (1) it is barred by the *Rooker-Feldman* doctrine and (2) it fails to state a claim under RICO.

The *Rooker-Feldman* doctrine, derived from two Supreme Court decisions, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), "precludes lower court jurisdiction over claims seeking review of state court judgments or over claims 'inextricably intertwined' with state court determinations." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000). A district court cannot consider "a federal claim alleging injury caused by a state court judgment." *Long*, 182 F.3d at 555 (quoting *Centres, Inc. v. Town of Brookfield*, 148 F.3d 699, 702 (7th Cir. 1998)). However, a district court may consider federal claims that allege a prior injury that a state court failed to remedy. *Long*, 182 F.3d at 555 (quoting *Centres*, 148 F.3d at 702).

A federal claim is not inextricably intertwined if the claim is "wholly independent" of the state court judgment and the district court can grant relief that would not "effectively reverse" or contradict the state court judgment. *Remer*, 205 F.3d at 997-98. The issue is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment. *Rizzo v. Sheahan*, 266 F.3d 705, 713 (7th Cir. 2001).

Plaintiff's claim is inextricably intertwined with the state court judgment of foreclosure. Plaintiff alleges that Defendants violated RICO by foreclosing on his property and that, as a result, he suffered damages. Plaintiff's injury was caused by the state court's judgment of foreclosure. At the heart of his claim, Plaintiff seeks to undo a mortgage foreclosure obtained in the state court.

Thus, Plaintiff's claim is barred by the *Rooker-Feldman* doctrine, and this Court lacks subject matter jurisdiction. Therefore, Plaintiff's complaint is dismissed with prejudice.

Because the Court dismisses the complaint for lack of subject matter jurisdiction, the Court need not reach the issue of whether the complaint fails to state a claim upon which relief may be granted.

## CONCLUSION

For the reasons stated above, Defendants', William A. McAlister, Jonathan D. Nusgart, and John A. Rizzuto's, Motion to Dismiss is granted. The complaint is dismissed with prejudice for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: _June 24, 2003_